**Katerina KRAVCHENKO, Petitioner,**

v.

**Alberto R. GONZALES[1] Attorney General of the United States Respondent.**

**No. 03–40935–AG.**

United States Court of Appeals, Second Circuit.

Dec. 12, 2005.

H. Raymond Fasano, New York, New York, for Petitioner.

Harry S. Mattice, Jr., United States Attorney for Eastern District of Tennessee Cynthia Freemon Davidson, Assistant United States Attorney, Knoxville, Tennessee, for Respondent.

Present: NEWMAN, RAGGI, and HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review be GRANTED, the BIA's order VACATED, and the case REMANDED to the BIA for further proceedings consistent with this decision.

Katerina Kravchenko petitions for review of the BIA's decision affirming an immigration judge's ("IJ's") final order of removal. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

Although the IJ had concluded that Kravchenko had failed to offer credible testimony to support her asylum claim, the BIA ruled this credibility conclusion unsupported by the record. Nevertheless, the BIA held that, even considering Kravchenko credible, the evidence was in-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for-
mer Attorney General John Ashcroft as a respondent in this case.

sufficient for her to carry the burden of proving past persecution. The BIA stated that the fact that Kravchenko did not apply for asylum during her first trip to the U.S. and the lack of corroborating documents from her family, who are still in the Ukraine, "diminishe[d] her assertions with respect to the severity of any religious intolerance she may have suffered at that time."

"Persecution" has been defined as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 216 (BIA 1985). Although conduct must rise above mere harassment to constitute persecution, persecution "includes more than threats to life or freedom; non-life-threatening violence and physical abuse also fall within this category." *Tian–Yong Chen v. INS*, 359 F.3d 121, 128 (2d Cir.2004) (quoting *Begzatowski v. INS*, 278 F.3d 665, 669 (7th Cir.2002)) (internal quotation marks and alterations removed). Furthermore, harm or suffering need not be physical, but may take other forms, such as the deliberate imposition of severe economic disadvantage or the deprivation of food, housing, employment, liberty, or other essentials of life. *Guan Shan Liao v. United States Dep't of Justice*, 293 F.3d 61, 70 (2d Cir.2002); *Abdel–Masieh v. INS*, 73 F.3d 579, 583 (5th Cir.1996) (citing *Matter of Laipenieks*, 18 I. & N. Dec. 433, 456–57 (BIA 1983), *reversed on other grounds*, 750 F.2d 1427 (9th Cir.1985)). Finally, in assessing past persecution, the adjudicator must consider the cumulative effect of an applicant's experiences. *Poradisova v. Gonzales*, 420 F.3d 70, 79–80 (2d Cir.2005). While we deferentially review the BIA's findings of fact relevant to an asylum claim, we review *de novo* its conclusion that undisputed facts do not constitute persecution. *See, e.g., Secaida–Rosales v.*

*INS*, 331 F.3d at 307; *Diallo v. INS*, 232 F.3d 279, 287 (2000).

The BIA's past persecution analysis is flawed in this case because it fails to explain why all of the harm Kravchenko suffered did not, in the aggregate, amount to persecution. *See Poradisova*, 420 F.3d at 79–80. Kravchenko described years of abuse by the Ukrainian government and by a nationalist organization that the government supported. She was prevented from freely practicing her faith, evicted from her apartment, insulted, threatened, and severely beaten on multiple occasions. To the extent, the BIA found that Kravchenko's failure to apply for asylum during her first trip to the United States "diminishe[d] her assertions with respect to the severity of any religious intolerance she may have suffered at that time," this conclusion appears at odds with the BIA's assertion that it assumed Kravchenko's credibility. In any event, much of the abuse, and in fact all of the physical abuse, occurred after she returned from that trip in 1998. In addition, the BIA's discussion of the State Department reports is relevant to the likelihood of future persecution, but not to the analysis of whether the harm Kravchenko already suffered amounts to past persecution.

The only part of the BIA's reasoning that might form a basis for rejecting the past persecution claim is that which deals with Kravchenko's failure to produce corroborating affidavits from family members. However, the IJ never made a finding that such documents were reasonably available, as required under *Diallo v. INS*, 232 F.3d 279, 290 (2d Cir.2000). While the BIA implies that the documents were reasonably available when it deems "inadequate" Kravchenko's "explanation that she did not think it was necessary to submit this corroborating evidence," the BIA is no longer empowered to make findings of fact. 8

C.F.R. § 1003.1(d)(3)(iv); 67 Fed. Reg. 54, 901–02, 54, 905 (Aug. 26, 2002) (eliminating the BIA's fact-finding authority for any case pending with the BIA on or after September 25, 2002). Furthermore, because the IJ's decision was not based on lack of corroboration, Kravchenko has had no opportunity to present the missing documents to the agency. *Cf. Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 156 & n. 17 (2d Cir.2003) (noting, but not deciding the question of the IJ's duty to assist asylum applicants in developing their cases); *Poradisova,* 420 F.3d at 79 n. 3 (2d Cir.2005) (pointing out the "fundamental unfairness of penalizing applicants [for the absence of documentary corroboration] without first providing them with notice and the opportunity to remedy the lack"). Therefore, the removal order is vacated, and Kravchenko is found to have carried her burden of proving past persecution.

Because the BIA's past persecution analysis is flawed, its future persecution analysis is also flawed. An applicant who establishes that he has suffered past persecution will be presumed to have a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1). That presumption may be rebutted if the adjudicator finds, by a preponderance of the evidence, that either there has been a fundamental change in circumstances in the applicant's country of nationality or the applicant could avoid future persecution by relocating to another part of her country of nationality. 8 C.F.R. §§ 1208.13(b)(1)(i)(A), (B). The regulations stress that, when past persecution has been established, the government bears the burden of establishing either of these grounds of rebuttal by a preponderance of the evidence. *Id.* at § 1208.13(b)(1)(ii). Consequently, to the extent that Kravchenko met her burden of proving past persecution through her credible testimony, she was entitled to a presumption of a well-founded fear of future persecution, which would entitle her to relief unless rebutted by the government. *See id.*

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).